UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DARVEL HANSON, et al.,<br><br>                Plaintiffs,<br><br>   v.<br><br>RHB MIRO OWNER LLC, et al.,<br><br>                Defendants. | Case No. C24-480 TLF<br><br>ORDER GRANTING MOTION TO REMAND |

This matter is before the Court on Defendant RHB Miro Owner, LLC's ("RHB") motion to remand. Dkt. 13. Plaintiffs did not file a response.

RHB removed this case to the United States District Court for the Western District of Washington on April 10, 2024, under 28 U.S.C. § 1441 (diversity of citizenship). Dkt. 1 (sealed). RHB states that while preparing its initial corporate disclosures under Fed. R. Civ. P. 7.1(a)(2), counsel for RHB learned that upper tier parent and/or ownership entities of RHB include numerous limited liability companies and limited partnerships far up the corporate chain that might include Washington residents or citizens. Dkt. 14 (Declaration of Kerry Gress) at ¶ 5. RHB believes that one or more of the passive investors may be Washington citizens. *Id.* RHB filed the instant motion out of an abundance due to concern that their ownership interest may impact diversity and this Court's subject matter jurisdiction. *Id.*

ORDER GRANTING MOTION TO REMAND - 1

1       Federal jurisdiction must be rejected if there is any doubt as to the right of
2 removal in the first instance. *Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir. 1992) (per
3 curiam). A case must be remanded to state court "if at any time before final judgment it
4 appears that the district court lacks subject matter jurisdiction". 28 U.S.C. § 1441(c).
5       The party asserting federal jurisdiction has the burden of proof on a motion to
6 remand to state court. *See Carrington v. City of Tacoma, Dep't of Pub. Utilities, Light
7 Div.*, 276 F. Supp. 3d 1035, 1041 (W.D. Wash. 2017); *see also Conrad Associates v.
8 Hartford Accident & Indemnity Co.*, 994 F. Supp. 1196 (N.D. Cal. 1998). The removal
9 statute is strictly construed against removal jurisdiction. The strong presumption against
10 removal jurisdiction means that the defendant always has the burden of establishing
11 removal is proper. *Conrad*, 994 F. Supp. at 1198. It is obligated to do so by a
12 preponderance of the evidence. *Id.* at 1199; *see also Gaus v. Miles*, 980 F.2d at 567;
13 *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009).
14       Here, because the defendants have submitted briefing declaring there is serious
15 doubt about whether the defendants have the right to removal from state court to federal
16 court in the first place, federal jurisdiction must be rejected, and RHB's motion must be
17 GRANTED. *Id.* This case is REMANED to King County Superior Court.

Dated this 23rd day of May, 2024.

*[signature]*

Theresa L. Fricke
United States Magistrate Judge

ORDER GRANTING MOTION TO REMAND - 2